IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG JERMAINE GARDNER,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-1181-JDW |
| : | |
| **FIRST JUDICIAL DISTRICT OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

Craig Jermaine Gardner asserts claims pursuant to 42 U.S.C. § 1983, based on allegations that exculpatory evidence was withheld from him during his prosecution and post-conviction proceedings in state court. I will grant Mr. Gardner leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim because it would call into question an existing criminal conviction.

I.  **FACTUAL ALLEGATIONS**[1]

On October 1, 2013, Mr. Gardner was arrested for rape, sexual assault, and related charges and arraigned in Philadelphia Municipal Court. *Commonwealth v. Gardner*, No. MC-51-CR-0038039-2013 (Phila. Mun. Ct.). He was found guilty after a bench trial before the Honorable Donna Woelpper. On November 25, 2015, Judge

---

[1] The following allegations come from the Complaint and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Woelpper sentenced him to ten to twenty years of confinement. *Commonwealth v. Gardner*, No. CP-51-CR-0014238-2013 (C.P. Phila.); *see also Commonwealth v. Gardner*, No. 3662 EDA 2015, 2017 WL 1839235, at *1 (Pa. Super. Ct. May 5, 2017). As a result of his convictions, Mr. Gardner must register as a sex offender. *Commonwealth v. Gardner*, No. CP-51-CR-0014238-2013.

After losing his appeals, Mr. Gardner filed a petition for post-conviction relief. *Id.* He alleged, among other things, that "trial counsel was ineffective for failing to present evidence, in the form of recorded prison telephone calls between [him] and the victim, in which the victim admitted to falsely accusing another person of sexually assaulting her." *Commonwealth v. Gardner*, 277 A.3d 1154 (table), 2022 WL 1162759, at *2 (Pa. Super. Ct. Apr. 20, 2022). Dino initially represented Gardner in the post-conviction proceeding but moved to withdraw when, despite subpoenaing phone logs and recorded prison conversations and hiring a private investigator to locate the victim, he was unable to uncover any exculpatory evidence. The PCRA Court then appointed Peter Levin to represent Mr. Gardner. "[Mr.] Levin acknowledge[d Mr.] Privitera's review of the available evidence on this issue but conclude[d] nonetheless that trial counsel has tapes documenting the victim's falsehoods and is lying and refusing to produce them." *Id.*

Judge Woelpper dismissed Mr. Gardner's post-conviction petition. *Commonwealth v. Gardner*, No. CP-51-CR-0014238-2013. Mr. Gardner appealed, but the Superior Court

affirmed the decision. It held that the PCRA Court did not err in refusing to hold a hearing. *See Gardner*, 277 A.3d 1154, 2022 WL 1162759, at *3.[2]

Mr. Gardner's claims this case are based on his allegation that the prosecution "is withholding evidence that proves [his] innocence." (Compl. at 3.) He alleges that the prosecution obtained phone recordings in advance of his criminal trial from the facility where he was incarcerated, including one in which the victim allegedly admitted to "doing these charges to someone else" and "lying about [the] charges." (*Id.*) Mr. Gardner claims, as he did in his post-conviction petition, that his public defender, Micah Shender, acknowledged having listened to the recording and verified that the victim made these remarks. He alleges that when he asked Mr. Shender for the dates of the recordings in advance of trial, Mr. Shender told him, "I'm not allowed to pick the phone recordings, only the prosecution can." (*Id.*)

Mr. Gardner contends that the phone recordings were subpoenaed from Mr. Shender during his post-conviction proceeding but that, upon review, "the dates were deleted and altered." (*Id.*) Mr. Gardner also contends that Mr. Shender lied to his post-conviction attorneys "about ever having th[e] conversation [with Mr. Gardner about the recording]." (*Id.*) Mr. Gardner sought to subpoena Mr. Shender's phone records but "was

---

[2] Mr. Gardner filed a second post-conviction petition on October 20, 2022. *Id.* That petition was also dismissed, and an appeal is pending. *Commonwealth v. Gardner*, 2209 EDA 2023 (Pa. Super. Ct.).

ignored." (*Id.*) He further contends that a "third phone recording was deleted from S.C.I. Frackville for which Capt. Reese handed over to Mr. Privitera personally." (*Id.*) Mr. Gardner alleges that every organization and Judge to whom he has reported this information either ignores him or "cover[s] up the corruption." (*Id.* at 3, 4, 5.)

Mr. Gardner brings due process claims against the following Defendants: (1) First Judicial District of Pennsylvania;[3] (2) Defender Association of Philadelphia; (3) Department of Corrections of Pennsylvania; (4) Mr. Shender; (5) Elizabeth Fisher; (6) Judge Woelpper; (7) Capt. Reese; (8) Mr. Levin; (9) Mr. Privitera; (10) "ADA Megan;" (11) District Attorney's Office; (12) Open Records Office of Philadelphia; and (13) Open Records Office of Department of Corrections. (*Id.* at 1-2, 3, 9.) He asks the Court "to retrieve [the] original phone recordings from the phone companies used by both [the] Philadelphia Prison System and the Department of Corrections" and to send him copies of the recordings from December 26 and 27 of 2013, and December 27 through 29 of 2017, that "prove[] [his] innocence." (*Id.* at 5-6.) Mr. Gardner also asks for his "name to be cleared of all charges" and to be removed from the sex offender registry, and that certain Defendants be precluded from practicing law. He also seeks damages.

---

[3] In an abundance of caution, the Clerk's Office included "Court of Common Pleas Judicial Chambers" and "Justice Juanita Kidd Stout Center" as Defendants on the docket. However, I interpret these lines in the caption to provide an address for the First Judicial District of Pennsylvania, *i.e.*, the courthouse where Mr. Gardner was convicted. I do not understand them to be separate Defendants in this case.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

### B.    **Plausibility Of Claims**

Mr. Gardner's claims are not plausible because they are not cognizable in a § 1983 action. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v.*

*Close*, 540 U.S. 749, 750 (2004) (*per curiam*) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). A corollary of this principle is that a plaintiff pursuing an action undre Section 1983 may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). Indeed, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

  Mr. Gardner's due process claims rest on his allegation that he is innocent, that exculpatory evidence — *i.e.*, a confession from the victim that she fabricated similar charges against another individual and, possibly, Gardner himself — has been withheld

6

from him and/or destroyed and that, as a result, he has been and continues to be falsely imprisoned due to unjust convictions. This is the type of allegation that would invalidate a conviction and necessarily imply its invalidity. *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Heck,* 512 U.S. at 479, 490 (claim that prosecutors and an investigator had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'" cannot be maintained under § 1983).

If Mr. Gardner seeks to challenge his convictions, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He may not, however, pursue claims predicated on the falsity of his convictions and related imprisonment while those convictions remain intact. And because his convictions have not been invalidated or called into question at this time, I must dismiss his due process claims as implausible.[4]

## IV.   CONCLUSION

I will grant Mr. Gardner leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice. Mr. Gardner may challenge his convictions in a *habeas* proceeding. Also, if, and only if, his convictions are reversed, vacated, or otherwise

---

[4] There are other defects in Mr. Gardner's claims in that he has sued numerous Defendants who are not state actors subject to liability under Section 1983 and others who are entitled to absolute immunity. However, because *Heck* clearly bars Gardner's lawsuit in full, the Court will not address these other bases for dismissal.

invalidated, then he may file a new claim under Section 1983. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 23, 2024